UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at LONDON**

| | |
|---|---|
| DORA SUE WHITAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 6:10-126-JMH |
| | ) |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, COMMISSIONER | ) **MEMORANDUM OPINION AND ORDER** |
| OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on cross motions for summary judgment [Record Nos. 6 and 7][1] on Plaintiff's appeal of the Commissioner's denial of her application for a period of disability and disability insurance benefits and for Supplemental Security Income. Plaintiff filed a Response [Record No. 8] to the Commissioner's Motion for Summary Judgment. The Court, having reviewed the record and being otherwise advised, will grant the plaintiff's motion and deny the defendant's motion.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Dora Sue Whitaker filed an application for a period of disability and disability benefits and filed an application for

---

[1] These are not traditional Rule 56 cross motions for summary judgment. Rather, they are procedural devices used by the Court to obtain the views of the parties regarding the sufficiency of the evidence contained in the administrative record developed before the Commissioner.

1

Supplemental Security Income on March 24, 2008, (Transcript of Record, "TR," 88-90, 91-97). Plaintiff alleges that she has been disabled since October 15, 2007 due to degenerative disc disease of the lumbar spine. Her applications were denied initially and upon reconsideration. (TR 56-71).

Subsequently, Plaintiff filed a timely written request for hearing with an Administrative Law Judge ("ALJ"), which was held on June 4, 2009. In a decision dated October 23, 2009, ALJ Joan A. Lawrence concluded that Plaintiff was not disabled within the meaning of the Social Security Act.

Plaintiff was 40 years old on the date of the ALJ's decision. (TR 91, 16). She has a General Equivalency Diploma ("GED"), and past relevant work history as an appliance assembler. (TR 21, 111-112, 116). She alleges a disability onset date of October 15, 2007. (TR 91). The ALJ found that Plaintiff's degenerative disc disease of the lumber spine was a severe impairment. (TR 10, Finding No. 3). She concluded that Plaintiff retained the residual functional capacity ("RFC") to do a reduced range of light-level work. (TR 11, Finding No. 5). Based upon vocational expert testimony, the ALJ found Plaintiff could perform jobs existing in significant numbers in the national economy, including the representative jobs hand assembler, small parts inspector, hand packer, and production worker. (TR 15; see TR 30-32). Thus, the ALJ concluded Plaintiff was not disabled (TR 41, Finding No. 6).

2

The ALJ's specific findings were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2011

2. The claimant has not engaged in substantial gainful activity since October 15, 2007, the alleged onset date.

3. The claimant has the following severe impairments: degenerative disc disease of the lumber spine.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functioning capacity to perform light work in jobs that do not require climbing of ladders and that avoid vibration with occasional balancing, stooping, bending, crouching, kneeling and climbing of stairs/ramps.

6. The claimant is unable to perform any past relevant work.

7. The claimant was born on July 6, 1968 and was 39 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

(TR at 10-14) (citations omitted).

Thus, based on Plaintiff's residual functional capacity

3

("RFC") to do a reduced range of light-level work, and the vocational expert's testimony that she could perform jobs existing in significant numbers in the national economy, including the representative jobs hand assembler, small parts inspector, hand packer, and production worker, the ALJ concluded that Plaintiff was not disabled.

Plaintiff's administrative remedies have been exhausted, and she now appeals to this Court. Plaintiff argues that the ALJ did not meet her heightened duty to develop the record considering that Plaintiff was only assisted by a non-attorney representative. Second, Plaintiff argues that the ALJ erred by failing to provide any explanation for her determination that Plaintiff's severe impairment did not meet or medically equal any of the listed impairments and, specifically, Listing 1.04. Finally, Plaintiff asserts that it was a violation of policy for the ALJ to rely on the state agency's RFC finding when the reviewing physician adopted the initial determination authored by an agency employee with no medical credentials. [Record No. 6, at 1].

## II. OVERVIEW OF THE ALJ HEARING

In determining whether a claimant is disabled or not, the ALJ conducts a five-step analysis:

> 1.) Is the individual engaging in substantial gainful activity? If the individual is engaging in substantial gainful activity, the individual is not disabled, regardless of the claimant's medical condition.
>
> 2.) Does the individual have a severe impairment? If

not, the individual is not disabled.  If so, proceed to
step 3.

3.) Does the individual's impairment(s) meet or equal the
severity of an impairment listed in appendix 1, subpart
P of part 404 of the Social Security Regulations?  If so,
the individual is disabled.  If not, proceed to step 4.

4.) Does the individual's impairment(s) prevent him or
her from doing his or her past relevant work, considering
his or her residual functioning capacity?  If not, the
individual is not disabled.  If so, proceed to step 5.

5.) Does the individual's impairment(s) prevent him or
her from performing other work that exists in the
national economy, considering his or her residual
functioning capacity together with the "vocational
factors" of age, education, and work experience?  If so,
the individual is disabled.  If not, the individual is
not disabled.

*Heston v. Comm'r of Social Security*, 245 F.3d 528, 530 (6th Cir. 2001).  "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled."  If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary."  *Preslar v. Sec'y of Health and Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

### III. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility.  *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by

5

substantial evidence, *see* 42 U.S.C. § 405(g), *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching his conclusion. *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

Additionally,

> an ALJ must include a discussion of findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record. The reasons requirement is both a procedural and substantive requirement, necessary in order to facilitate effective and meaningful judicial review.

*Reynolds v. Comm'r of Social Security*, No 09-2060, 2011 WL 1228165, *2 (6th Cir. April 1, 2011) (unpublished decision) (internal citations and quotations omitted).

### IV. ANALYSIS

The ALJ failed to apply the required legal standards in reaching her determination that Claimant does not, or did not, have an impairment or combination of impairments that meets or medically equals one of the listed impairments. The ALJ failed to provide any further analysis or discussion, or even an identification of the applicable listing, in reaching her conclusion. In this instance, that failure was not harmless error, and remand is

6

required.

Although the Sixth Circuit has not provided any precedential authority on this precise issue, the Sixth Circuit has provided unpublished authority through *Reynolds*, supra, and its progeny, consisting of several unpublished district court cases, that constitute persuasive authority on his topic. See also *Morgan v. Astrue*, No. 10-207, 2011 WL 2292305 (E.D.Ky June 8, 2011). Moreover, the Fifth and Third Circuits have reached similar conclusions in published decisions, which this Court finds persuasive. *Audler v. Astrue*, 501 F.3d 446 (5th Cir. 2007); *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 120 (3d Cir. 2000).

"At the third step in the disability evaluation process, a claimant will be found disabled if his impairment meets or equals one of the listings in the Listing of Impairments." *Reynolds*, 2011 WL 1228165, at *2 (citing 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *Turner v. Comm'r of Soc. Sec.*, 381 F.App'x 488, 491 (6th Cir. 2010)). If a claimant meets or equals one of the listings, then the claimant is deemed conclusively disabled and the analysis stops at that point.

The ALJ concluded that Claimant's degenerative disc disease of the lumbar spine was a severe impairment. However, when the ALJ reached the third step in the claimant's determination, the ALJ simply concluded "The claimant does not have an impairment or combination of impairments that meets or medically equals one of

7

the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." The ALJ failed to identify the listed impairment for which the Claimant did not qualify, which is Listing 1.04, and failed to provide any analysis or citation to the record in support of the ALJ's determination that Claimant's symptoms did not qualify for the applicable listing.

Any decision by the Commissioner involving "a determination of disability and which is in whole or in part unfavorable... shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based." 42. U.S.C. § 405 (b)(1). A reasoned opinion allows for effective and meaningful judicial review.

"An ALJ must compare the available medical evidence with the requirements for listed impairments to determine whether a claimant's condition is equivalent to a listing." *Staggs v. Astrue*, 2011 WL 3444014, *3 (M.D.Tenn. August 8, 2011)(citing *Reynolds, supra*). As noted by the Fifth Circuit in *Audler*, "[a]lthough the ALJ is not always required to do an exhaustive point-by-point discussion, in this case, the ALJ offered nothing to support her conclusion at this step and because she did not, 'we, as a reviewing court, simply cannot tell whether her decision is based on substantial evidence or not.'" *Audler*, 501 F.3d at 448 (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)). Thus,

without more than a conclusory statement regarding the third step of the analysis, this Court is deprived of any opportunity to provide meaningful judicial review. *Id.* (quoting *Clifton v. Chater,* 79 F.3d 1007, 1009 (10th Cir. 1996)).

In *Audler,* like here, the ALJ "summarily concluded" that the claimant's severe impairments did not meet or medically equal one of the impairments listed. *Audler*, 501 F.3d at 448. After determining that the ALJ's failure to state any reason for her adverse determination at step three violated the statute, the Fifth Circuit turned to whether the ALJ's error was harmless. *Id.* In doing so, it noted that "procedural perfection in administrative hearings is not required as long as the substantial rights of a party have not been affected." *Id.* (quoting *Mays v. Bowen,* 837 F.2d 1362, 1364 (5th Cir. 1988))(internal quotations omitted). After reviewing the medical evidence, the court concluded that there was evidence that supported a finding that she met the Listing requirements for Section 1.04A and, therefore, her substantial rights were affected by the ALJ's failure to explain her conclusion at step three and remand was necessary. *Id.* at 449.

Similarly, in the Sixth Circuit's unpublished decision in *Reynolds*, the ALJ considered whether the claimant's severe mental impairment met one of the Listings, but failed to consider whether the claimant's physical impairments met or equaled one of the Listings, which was in error. *Reynolds,* 2011 WL 1228165 at *3 – 4.

As in *Audler*, the Sixth Circuit first determined that the ALJ's analysis was so inadequate as to constitute an error, then turned to whether the ALJ's error was harmless. *Id.* Ultimately, the court concluded that "correction of the error in that case was not merely a formalistic matter of procedure, for it is possible that the evidence Reynolds put forth could meet" the applicable listing. *Id.* at *4. "In short, the ALJ needed to actually evaluate the evidence, compare it to Section 1.00 of the Listing, and give an explained conclusion, in order to facilitate meaningful judicial review. Without it, it is impossible to say that the ALJ's decision was supported by substantial evidence." *Id.* (citing *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996); *Senne v. Apfel*, 198 F.3d 1065, 1067 (8th Cir. 1999); *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 120 (3d Cir. 2000)). Accordingly, the Sixth Circuit vacated and remanded the case for "a discussion of the evidence and an explanation of reasoning" supporting the determination that the claimant's severe impairments do not meet or medically equal a listed impairment. *Id.*

Because the ALJ did not sufficiently explain her underlying reasoning for her conclusion that the Whitaker's symptoms did not meet Listing 1.04, the Court now turns to whether the ALJ's error was harmless, as the Commissioner argues.

Listing 1.04, in pertinent part, requires the following:

> 1.04  Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis,

10

> osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A.   Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine) . . . .

20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04.

The Commissioner argues that the medical record indicates that claimant did not meet the requirements of Listing 1.04. Consequently, the Commissioner reasons, remand to the ALJ for reconsideration would not alter the ALJ's findings and would be a waste of judicial and administrative resources. [Record No. 7 at 9 (citing *Higgs v. Bowen,* 880 F.2d 860, 864 (6th Cir. 1988); *Price v. Heckler,* 767 F.2d 281, 283-84 (6th Cir. 1985); *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989).  However, the evidence in the record indicates that claimant may have met or medically equaled the Listing.  Thus, the ALJ's error was not harmless and remand is necessary.

Claimant suffered from nerve root compression as evidenced by an October 16, 2007, MRI. (TR 169-170).  On April 7, 2008, James R. Bean, M.D. interpreted the MRI images as documenting a herniated disc at L5-S1, and he observed positive straight leg raising on the left. (TR 274).   On April 30, 2008, Robert C. Hoskins, M.D. recorded back pain radiating to the left lower extremity,

11

confirming that the nerve root compression was characterized by neuro-anatomic distribution of pain. He observed weakness and limitation of motion of the spine. He opined that sensory loss in the small left toe was likely attributable to S1 radiculopathy. Dr. Hoskins diagnosed degenerative disc disease of the lumbar spine, disc protrusion at L5-S1, and possible impingement at L4 through S1. On May 2, 2008 Dr. Bean performed microendoscopic discectomy. (TR 271). It became evidence that the surgery failed, and on October 9, 2008, Dr. Bean performed post-surgical nerve root compression. (TR 307). On June 14, 2009, Dr. Bean performed interbody fusion. (TR 319). On April 13, 2009, he observed continuing back pain and new pain in the right leg and stated, "I think it is going to be a number of months for the recovery to occur and the fusion to become solid." (TR 359). Claimant's medical record demonstrates that, at least during the time between the onset of her alleged disability and after she healed from her second surgery, she may have met or equaled the requirements for Listing 1.04.

In this case, much like *Reynolds*, correction of the ALJ's error would not be merely a formalistic matter of procedure, because it is possible that the evidence put forth in the record could meet the Listing. Where, as here, the ALJ's determination is not sufficiently supported and did not comply with legal standards, the appropriate remedy is reversal and a sentence-four remand for

further consideration. See *Faucher v. Sec'y of Health and Human Servs.,* 17 F.3d 171, 174 (6th Cir. 1994). Because the matter is reversed and remanded at step three, Whitaker's additional arguments need not be addressed.

## V. CONCLUSION

Accordingly, and for the foregoing reasons, **IT IS ORDERED** that:

(1) Plaintiff's motion for summary judgment [Record No. 6] be, and the same hereby is, **GRANTED**;

(2) the Commissioner's motion for summary judgment [Record No. 5] be, and the same hereby is, **DENIED;**

(3) the decision of the Commissioner is **REVERSED,** and this matter is **REMANDED** to the Commissioner for further proceedings consistent with this Opinion and Order; and

(4) a judgment will be entered contemporaneously with this Order.

This the 26th day of August, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge